```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                              MEMORANDUM & ORDER
                                              03-CR-0714 (JS)
        -against-


MICHAEL THOMPSON,

                Defendant.
----------------------------------X
APPEARANCES
For the Government: John Joseph Durham, Esq.
                    United States Attorney's Office
                    Long Island Courthouse
                    610 Federal Plaza
                    Central Islip, NY 11722

For the Defendant:  Michael Thompson, pro se
                    68516-053
                    FCI Fairton
                    PO Box 420
                    Fairton, NJ 08320
```

SEYBERT, District Judge:

Pending before the Court is Defendant Michael Thompson's ("Defendant") pro se motion for a reduced sentence based on recent amendments to the Sentencing Guidelines concerning certain drug offenses. For the reasons discussed below, Defendant's motion is DENIED.

BACKGROUND

Defendant pled guilty to conspiring to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). At Defendant's original sentencing, the Court found that Defendant was responsible for

distributing 500 grams of cocaine base. Defendant's base offense level was 34, which was lowered to 31 after a three-level reduction for acceptance of responsibility. With a Criminal History Category IV, Defendant's Sentencing Guidelines range was 151-188 months. The Court sentenced Defendant to 151 months. (Docket Entry 28.)

As is relevant here, the Sentencing Guidelines were amended twice since Defendant was sentenced. The first amendment (the "First Guidelines Amendment"), in 2008, had the effect of lowering Defendant's base offense level to 32 (and thus his total offense level to 29) and his Guidelines range to 121-151 months. Defendant moved for a reduced sentence and, after a hearing, the Court resentenced Defendant to 151 months-- the same sentence Defendant received initially. (Docket Entry 36.) The Guidelines were amended a second time in 2010 (the "Second Guidelines Amendment"). These amendments were made retroactive in 2011, and Defendant now moves for a sentence reduction.

## DISCUSSION

In considering requests for sentence reductions under Section 3582(c)(2) of Title 18 of the United States Code, the Court must first determine whether Defendant is eligible for a reduction under this provision. United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010). "If, and only if," Defendant is

eligible for a reduction, the Court considers whether a reduction "is warranted in whole or in part under the particular circumstances of the case." Id. (quoting Dillon v. United States, --- U.S. ----, 130 S. Ct. 2683, 2692, 177 L. Ed. 2d 271 (2010)). Defendant is not eligible for a reduction under Section 3582(c)(2) and thus the Court ends its inquiry at the first step.

Under Section 3582(c)(2), the Court may modify a prison sentence if the sentence was based on a Sentencing Guidelines range that was subsequently lowered by a change to the Guidelines, provided that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3581(c)(2). As is relevant here, the applicable Sentencing Commission policy statement provides that where an amendment "does not have the effect of lowering the defendant's applicable guideline range," then "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under [Section 3852(c)(2)]." U.S.S.G. § 1B1.10(a)(2)(B).

Here, the Second Guidelines Amendment did not lower Defendant's applicable Guidelines range. Under the Second Guidelines Amendment, the base offense level corresponding to 500 grams of cocaine base is 32. U.S.S.G. §2D1.1(c)(4). After a three-level reduction for acceptance of responsibility,

3

Defendant's total offense level is 29.  With a Criminal History Category IV, Defendant's Guidelines range under the Second Guidelines Amendment is 121-151 months--the same range as under the First Guidelines Amendment.

The Court has considered Defendant's other arguments and finds them unavailing.  The Court cannot reduce Defendant's sentence because the Second Guidelines Amendment did not lower Defendant's applicable Guidelines range.

## CONCLUSION

For the foregoing reasons, Defendant's motion (Docket Entry 42) is DENIED.  The Clerk of the Court is respectfully directed to mail Defendant a copy of this Memorandum and Order.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:   December 21, 2012
         Central Islip, New York